Argued 5 January, decided 6 February, 1905.

## SENGSTACKEN v. McCORMAC.

79 Pac. 412.

TIDE LAND—NATURE OF GROUND.

1. A strip of sandy soil varying from ten inches to ten feet in width and a mile long lying at the foot of a steep bank, and about half the time entirely submerged, though at other times uncovered at ebb tide, is not tide or overflowed land.

ESTOPPEL BY RECITALS IN DEEDS.

2. A claimant of the right to approach and use deep water fronting his upland is not estopped to dispute the character of certain land claimed to be tide land, and which he must cross, by a reference thereto as such in some of his title deeds, where it is apparent that such reference was not intended as an admission or statement as to the character of the land, but was added as a matter of precaution.

From Coos: JAMES W. HAMILTON, Judge.

Suit by Henry Sengstacken against James T. McCormac for an injunction, which was unsuccessful.        AFFIRMED.

For appellant there was an oral argument by *Mr. Martin L. Pipes* and *Mr. Ephraim B. Seabrook,* with a brief over the names of *M. L. Pipes* and *McKnight & Seabrook,* to this effect.

The tide lands actually exist: *Andrus* v. *Knott,* 12 Or. 501 (8 Pac. 763) ; *Storer* v. *Freeman,* 6 Mass. 435, 439 (4 Am. Dec. 155) ; *Doane* v. *Willcutt,* 71 Mass. (5 Gray) 328, 335 (66 Am. Dec. 369) ; *Niles* v. *Patch,* 79 Mass. (13 Gray) 257; *Hathaway* v. *Wilson,* 123 Mass. 361; *Church* v. *Meeker,* 34 Conn. 424; *Bell* v. *Gough,* 23 N. J. Law, 683; *People* v. *Morrill,* 26 Cal. 354; *Galveston* v. *Menard,* 23 Tex. 358; *Cults* v. *Hussey,* 13 Me. 241; *United States* v. *Pacheco,* 69 U. S. (2 Wall.) 587; 22 Am. & Eng. Enc. Law (1 ed.), 778.

For respondent there was an oral argument by *Mr. Edward B. Watson* and *Mr. John F. Hall,* with a brief over the names of *Hall & Hall* and *E. B. Watson,* to this effect.

"Tide lands," within the meaning of the several acts of the legislature of this State providing for their disposal, are such lands only as are covered and uncovered daily by the rise and fall of the ordinary tides: Act of October 28, 1872 (Deady & Lane Code, pp. 664-66) ; Act of October 26, 1874 (Laws 1874, p. 76) ; Act of October 21, 1876 (Laws 1876, pp. 69, 70) ; *Hinman* v. *Warren,* 6 Or. 408, 411; *Andrus* v. *Knott,* 12 Or. 501, 503 (8 Pac. 763) ; *Johnson* v. *Knott,* 13 Or. 308, 311 (10

Pac. 418) ; *Elliot* v. *Stewart,* 15 Or. 259, 262 (14 Pac. 416) ;
*Lewis* v. *City of Portland,* 25 Or. 133, 162 (22 L. R. A. 736,
42 Am. St. Rep. 772, 35 Pac. 256) ; *People* v. *Davidson,* 30 Cal.
379, 389 ; *Storer* v. *Freeman,* 6 Mass. 435, 439 (4 Am. Dec. 155) ;
*Doane* v. *Willcutt,* 71 Mass. (5 Gray) 328, 335 (66 Am. Dec.
369).

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to enjoin the construction and maintenance
of a boom in the Coquille River in front of lots 7 and 8, section
7, and lots 4 and 5 in section 3, township 28 south, range 13
west, in Coos County. The defendant owns or has license to
occupy the water front, and permission from the United States
government to construct and operate the boom. The plaintiff
claims to be the owner, as the successor in interest of the grantees
of the State, of a narrow strip of tide land, alleged to be from
one to fifteen feet wide, and about a mile long, lying between the
upland and the river, and that the proposed boom will interfere
with the ingress to and egress from such tide land. The defend-
ant denies the existence of the alleged tide land. Upon the
testimony the court below found that the strip of land in con-
troversy "varies in width, at some places not exceeding three
inches in width, at others the bank is perpendicular, and its
greatest width in any place does not exceed sixteen feet," and
that it was not tide land, and therefore dismissed the complaint.

1. Several questions were presented at the argument, but, as we
are in accord with the trial court upon the facts, it is unneces-
sary to consider them. There is no substantial controversy in
the testimony, and no useful purpose can be served by referring
to it in detail. It is sufficient to state merely our conclusions
derived from an inspection of the record. The land in contro-
versy is situated a short distance below the City of Coquille, and
about thirty miles from the mouth of the river. At this point
during the summer months there is a tidal rise and fall of about
three feet, which daily covers and uncovers a narrow strip of
land, varying in width from a few inches to perhaps ten or
twelve feet in places, between the foot of the bank and low
water. During five or six months in the winter this land is

entirely submerged. No part of it is daily covered and uncovered by the ebb and flow of the tide during the whole year. The bank of the river is steep and even perpendicular in some places, and of a sandy soil. The wash of the water caused by the winds, tides, and passing steamers has a constant tendency to undermine the bank and cause it to cave in and to cast sediment and silt up against the shore, thus forming a narrow strip of earth, which is at times exposed at low water, but which has no real permanent situs, but is shifted and changed more or less from time to time by the action of the water. Under these facts, the case is, in our opinion, ruled by the decision of this court in *Andrus* v. *Knott,* 12 Or. 501 (8 Pac. 763), and the doctrine there announced is controlling here.

2. A contention is made that the defendant is estopped to deny that the land is in fact tide land because some of the deeds in his chain of title refer to the grantor's right and interest in or to the tide land lying in front of the upland. The defendant does not hold or claim title as a grantee of the State. His title or right is based upon the ownership of the upland, and the reference to tide land in some of the deeds in the chain of title was evidently intended as a mere matter of precaution, and not as an admission or statement that there was in fact any tide land. Without further discussion of the testimony or of the law, we are agreed that, under the facts, the land claimed by the plaintiff is not tide or overflowed land, within the meaning of the law authorizing the sale and disposition of such land.

The decree of the court below is affirmed.  AFFIRMED.